BOSTON CHAPTER, NAACP, et al.,
Plaintiffs, Appellees,

v.

Nancy B. BEECHER, et al.,
Defendants, Appellees,

Boston Firefighters Union, Local 718,
Intervenor, Appellant.

Pedro CASTRO, et al., Plaintiffs,
Appellees,

v.

Nancy B. BEECHER, et al.,
Defendants, Appellees,

Boston Police Patrolmen's Association,
Inc., Intervenor, Appellant.

Pedro CASTRO, et al., Plaintiffs,
Appellees,

v.

Nancy B. BEECHER, et al.,
Defendants, Appellants.

BOSTON CHAPTER, NAACP, et al.,
Plaintiffs, Appellees,

v.

Nancy B. BEECHER, et al.,
Defendants, Appellees,

Civil Service Commission, et al.,
Defendants, Appellants.

Nos. 81–1642, 81–1650, 81–1651
and 81–1656.

United States Court of Appeals,
First Circuit.

Argued Aug. 3, 1983.
Decided Aug. 31, 1983.

Thomas A. Barnico, Asst. Atty. Gen.,
with whom Francis X. Bellotti, Atty. Gen.,
Thomas R. Kiley, First Asst. Atty. Gen., E.

Michael Sloman, Asst. Atty. Gen., and Marc S. Seigle, Sp. Asst. Atty. Gen., Boston, Mass., were on brief, for Com. of Mass.

John F. McMahon, with whom E. David Wanger, and Angoff, Goldman, Manning, Pyle & Wanger, P.C., Boston, Mass., were on brief, for Boston Firefighters Union, Local 718.

Frank J. McGee, with whom Law Office of Frank J. McGee, Boston, Mass., was on brief, for Boston Police Patrolmen's Ass'n, Inc.

James S. Dittmar, with whom Peggy A. Wiesenberg, Richard R. Lavin, Matthew D. Baxter and Widett, Slater & Goldman, Boston, Mass., were on brief, for plaintiffs, appellees.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and PEREZ–GIMENEZ,[*] District Judge.

PER CURIAM.

This case is before the court on remand from the Supreme Court, —— U.S. ——, 103 S.Ct. 2076, 76 L.Ed.2d 330 for consideration of mootness. The facts and prior proceedings are fully traced in this court's previous opinion, *Boston Chapter, NAACP v. Beecher,* 679 F.2d 965 (1st Cir.1982). Since 1975, the Boston police and fire departments have been subject to consent decrees requiring preferential hiring of minorities to relieve the effects of prior discrimination. In 1981, facing proposed fiscal layoffs which would substantially vitiate any progress made under the decrees, plaintiffs sought and obtained modification of the original decrees. *Castro v. Beecher,* 522 F.Supp. 873 (D.Mass.1981). The modifying order prohibited both Boston departments from reducing minority percentages in their workforces, with the practical result that non-minority firemen and police officers would have to be laid off before junior minority firemen and police officers notwithstanding the state's last-hired, first-fired statute.

The modification was affirmed on appeal to this court in the above-cited case, and defendants obtained certiorari from the Supreme Court. Meanwhile, however, Massachusetts enacted the so-called Tregor Act mandating reinstatement of all police and firefighters laid off during the reduction in force. *See* 1982 Mass.Acts, c. 190, § 25. The Supreme Court therefore vacated this court's judgment and remanded for consideration of mootness.

■ "The usual rule in federal cases is that an actual controversy must exist at stages of appellate or certiorari review...." *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973); *Golden v. Zwickler,* 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). When, as here, intervening acts destroy the interest of a party to the adjudication, the case is mooted, *DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). The Tregor Act's mandatory reinstatement of the laid off police and firefighters and its requirement of minimum staffing levels through June 30, 1983 removed plaintiffs' stake in the proceeding which they had instituted in 1981 at a time when layoffs were taking place.

This is not an example of the "voluntary cessation of allegedly illegal conduct" which does not render a case moot. *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). Rather the city of Boston has acted pursuant to a supervening state statute. Furthermore, the case does not present a question "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). Future layoffs might occur, but there is no reason to assume that a similar state enactment would once again render the case moot before resolution by the Supreme Court.[1]

---

[*] Of the District of Puerto Rico, sitting by designation.

1. The Supreme Court has granted certiorari on a case presenting the same issue as the case

before us. *Stotts v. Memphis Fire Department,* 679 F.2d 541 (6th Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1331

**933**

Appellants' contention that the case remains alive because the modifying order prohibits the adjudication of state Civil Service Commission claims for back pay is not persuasive. According to the established practice of the federal courts, when a case is found moot, the district court's judgment will be vacated. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). Thus even assuming, which we do not decide, that the district court's order directly inhibits the state Civil Service Commission respecting the back pay claims, it will no longer do so. To be sure, a definitive ruling on the constitutionality of the district court's past order might facilitate the Civil Service Commission's resolution of the back pay claims. But such a ruling now—rendered in the absence of a present case or controversy in this proceeding—would amount to no more than an advisory opinion. The federal courts are forbidden by Article III of the Constitution from giving advisory opinions. *See, e.g., North Carolina v. Rice,* 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); *St. Pierre v. United States,* 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1942). Appellants' interest in the resolution of this case shows that the issue here may retain some collateral vitality, but to avoid mootness a case must present both live issues and parties with legally cognizable interests. *United States Parole Commission v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980). Plaintiffs now lack the "personal stake" necessary to keep alive the controversy which engendered this proceeding. The Civil Service Commission must therefore be left to decide the back pay claims under the governing state law without an advisory resolution of the constitutional issue by the federal courts.

Accordingly, we vacate the district court's order of August 7, 1981 and remand to the district court to dismiss as moot the motion for modification, without prejudice to further actions under the district court's continuing jurisdiction to monitor the original consent decrees. *Crowell v. Mader,* 444 U.S. 505, 506, 100 S.Ct. 992, 992, 62 L.Ed.2d 701 (1980); *Diffenderfer v. Central Baptist Church,* 404 U.S. 412, 415, 92 S.Ct. 574, 576, 30 L.Ed.2d 567 (1972); *Romero-Barcelo v. Brown,* 643 F.2d 835, 862 (1st Cir.1981), *reversed on other grounds sub nom. Weinberger v. Romero-Barcelo,* 456 U.S. 305, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982).

*Vacated and Remanded.*

(1983). Thus that question may be resolved within the near future.