BOSTON CHAPTER, NAACP, et al., Plaintiffs, Appellees,

v.

Nancy B. BEECHER, et al., Defendants, Appellees,

Boston Firefighters Union, Local 718, Intervenor, Appellant.

Pedro CASTRO, et al., Plaintiffs, Appellees,

v.

Nancy BEECHER, et al., Defendants, Appellees,

Boston Police Patrolmen's Association, Inc., Intervenor, Appellant.

Pedro CASTRO, et al., Plaintiffs, Appellees,

v.

Nancy BEECHER, et al., Defendants, Appellants.

BOSTON CHAPTER, NAACP, et al., Plaintiffs, Appellees,

v.

Nancy B. BEECHER, et al., Defendants, Appellees,

Civil Service Commission, et al., Defendants, Appellants.

Nos. 81–1642, 81–1650, 81–1651 and 81–1656.

United States Court of Appeals, First Circuit.

Dec. 7, 1984.

Thomas A. Barnico, Asst. Atty. Gen., Boston, Mass. with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., was on brief, for Com. of Mass.

John F. McMahon, Boston, Mass., with whom E. David Wanger and Angoff, Goldman, Manning, Pyle & Wanger, P.C., Boston, Mass. were on brief, for Boston Firefighters Union, Local 718.

Frank J. McGee, Marshfield, Mass., with whom Steven M. Guiney and McGee & Phillips, Marshfield, Mass., were on brief, for Boston Police Patrolmen's Association, Inc.

James S. Dittmar, Boston, Mass., with whom Barbara R. Arnwine, Lawyers' Committee for Civil Rights Under Law of the Boston Bar Association, Richard R. Lavin, Matthew D. Baxter and Widett, Slater & Goldman, Boston, Mass., were on brief, for plaintiffs, appellees.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

In *Boston Chapter, NAACP v. Beecher,* 679 F.2d 965 (1st Cir.1982) *("Beecher I"),* this court affirmed a district court order modifying Boston police and fire department seniority rules, so as to prevent the departments from laying off too many minority officers. 522 F.Supp. 873. The parties sought Supreme Court review. The Supreme Court remanded the case to us for reconsideration in light of a later-enacted state law, the Tregor Act, 1982 Mass. Acts ch. 190, § 25, which removed the imminent threat of layoffs, reinstated all officers laid off, and provided them with retroactive competitive seniority. 461 U.S. 477, 103 S.Ct. 2076, 76 L.Ed.2d 330. Upon reconsideration, we found that the Tregor Act ended the controversy between the parties and rendered the case moot. We ordered the district court's injunction vacated. *Boston Chapter, NAACP v. Beecher,* 716 F.2d 931 (1st Cir.1983) *("Beecher II").* The parties again sought Supreme Court review.

While the petition for certiorari in *Beecher II* was pending, the Supreme Court decided a factually similar case, *Firefighters Local Union No. 1784 v. Stotts,* —— U.S. ——, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984). In *Stotts,* the Supreme Court examined a "seniority/racial minority layoff" problem much like the one at issue in *Beecher II.* It ruled that a state law similar to the Tregor Act did not render the controversy moot; and on the merits, it held a similar district court injunction unlawful. The Supreme Court has now remanded the case to us again and asked us to reexamine our "mootness" holding in light of *Stotts. Boston Firefighters Local 718 v. Boston*

*Chapter, NAACP,* — U.S. —, 104 S.Ct. 3576, 82 L.Ed.2d 874 (1984).

Having reconsidered the case before us, we find that it differs from *Stotts,* in respect to mootness, in several important ways. First, the Tregor-like state law in *Stotts* did not provide retroactive competitive seniority for those who had been laid off. The parties in that case disagreed about seniority and believed the lawfulness of the district court's injunction determinative. Here, the parties agree that there is no seniority problem or issue.

Second, the layoffs here, like those in *Stotts,* have created a back pay controversy. But, as we explained in *Beecher II,* this federal appeal is only indirectly related to that controversy, which is currently the subject of state proceedings. Unlike *Stotts,* an important party to that controversy, the City, is not a real party before us. Since no party before us has any financial stake in denying the laid-off employees back pay, it is difficult to see how this matter can create a controversy between them.

Third, the Supreme Court in *Stotts* specifically noted that the district court injunction "was affirmed by the Court of Appeals and has never been vacated." 104 S.Ct. at 2583. Here, to the contrary, we have already ordered the district court order vacated, 716 F.2d at 933; *see United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). To accept appellants' argument would mean resurrecting a dead order solely for the purpose of then striking it down on the merits.

Fourth, there is no longer any controversy about the merits. The NAACP has stipulated that, should we reach the merits, we should enter a

> judgment summarily reversing the district court's August 7, 1981 orders and remanding with instructions to dismiss the motions for modification with prejudice.

In *Stotts,* by contrast, the parties vigorously disputed the underlying merits—a dispute fueled by their adverse interests on the competitive seniority issue.

At oral argument, the NAACP's counsel stated that he was arguing for "mootness" because he believed it the legally correct approach, not because it made a significant difference to his clients. We agree with counsel. The four sets of considerations we have mentioned, viewed in light of Article III's constitutional limitation of this court's power to actual "cases" or "controversies," persuade us that a dismissal on grounds of mootness is legally correct. We therefore reaffirm *Beecher II,* which vacated the district court's August 7, 1981 orders on those grounds.