UNITED STATES DEPARTMENT OF JUSTICE ET AL.
v. PROVENZANO

No. 83–1045. Decided November 26, 1984*

PER CURIAM.

These two cases, when they were filed here, presented the issue whether Exemption (j)(2) of the Privacy Act of 1974, 5 U. S. C. § 552a(j)(2), is a withholding statute within the third exemption of the Freedom of Information Act (FOIA), 5 U. S. C. § 552(b)(3). Because the Courts of Appeals below had decided the issue oppositely, 717 F. 2d 799 (CA3), on rehearing, 722 F. 2d 36 (1983); 721 F. 2d 215 (CA7 1983), and the conflict deserved resolution, we granted certiorari in both cases and consolidated them for oral argument. 466 U. S. 926 (1984). See also *Greentree* v. *U. S. Customs Service,* 218 U. S. App. D. C. 231, 674 F. 2d 74 (1982).

The parties now advise us that on October 15, 1984, the President signed into law the Central Intelligence Informa-

---

*Together with No. 83–5878, *Shapiro et al.* v. *Drug Enforcement Administration,* on certiorari to the United States Court of Appeals for the Seventh Circuit.

tion Act, Pub. L. 98–477, 98 Stat. 2209, which, by its § 2(c), amended the Privacy Act by adding the following provision:

"No agency shall rely on any exemption in this section to withhold from an individual any record which is otherwise accessible to such individual under the provisions of section 552 of this title [FOIA]."

Thereafter, Anthony Provenzano, the respondent in No. 83–1045, and Alfred B. Shapiro and Gregory J. Wentz, the petitioners in No. 83–5878, moved for summary affirmance and summary reversal, respectively, of their judgments below. In his turn, the Solicitor General has filed a motion to vacate those judgments and to remand the cases to the respective Courts of Appeals.

The new legislation, as the parties agree, plainly renders moot the single issue with respect to which certiorari was granted in each of these cases. That issue is no longer alive because, however this Court were to decide the issue, our decision would not affect the rights of the parties. These requests for records now are to be judged under the law presently in effect. See *DeFunis* v. *Odegaard*, 416 U. S. 312, 316 (1974); *North Carolina* v. *Rice*, 404 U. S. 244, 246 (1971).

The mootness of the particular issue that was presented to us, however, does not mean that the cases themselves do not remain alive. Access to agency records is still sought by the individual litigants and, so far as we know, the Government may still assert that the records, or parts thereof, are exempt from disclosure under one or more of the FOIA exemptions. Such matters are better resolved by the courts below in the first instance.

Respondent Provenzano's motion for summary affirmance of the judgment in No. 83–1045 is therefore denied. The motion of petitioners Shapiro and Wentz for summary reversal of the judgment in No. 83–5878 is also denied. Instead, each of the judgments below is vacated, and the cases are remanded to the United States Courts of Appeals for the Third

16

and Seventh Circuits, respectively, for such further proceedings as are indicated.

*It is so ordered.*

JUSTICE STEVENS, dissenting in No. 83–1045.

In view of the enactment of the Central Intelligence Information Act, Pub. L. 98–477, 98 Stat. 2209, the petition for writ of certiorari in No. 83–1045 should be dismissed. In my opinion the new Act does not provide a basis for vacating the judgment of the Court of Appeals in that case.