**Robert George WIGHTMAN, Jr., Plaintiff, Appellant,**

v.

**BUREAU OF ALCOHOL, TOBACCO & FIREARMS, Defendant, Appellee.**

No. 84–1233.

United States Court of Appeals, First Circuit.

Submitted Sept. 14, 1984.

Decided March 5, 1985.

Robert G. Wightman, Jr., pro se.

Joseph J. McGovern, Asst. U.S. Atty., and William F. Weld, U.S. Atty., Boston, Mass., on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This appeal is taken from an order of the district court granting summary judgment to the appellee, The Bureau of Alcohol, Tobacco and Firearms (BATF).

I. FACTS

The appellant, Robert G. Wightman, Jr., requested copies of certain BATF records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Under § 552(a)(3)

of the Act, an agency must make their records available to any person upon request, although there are nine exemptions which agencies can claim listed in § 552(b). The BATF rejected Wightman's record request in its entirety, relying on the following four exemptions: § 552(b)(7)(C), (D), (E), and (F). Wightman appealed the denial to the director of the BATF claiming, *inter alia*, that pursuant to the FOIA, if there are legitimate exemptions to the requested record a requester must be provided with "any reasonably segregable portion of a record ... after deletion of the portions which are exempt under this subsection", 5 U.S.C. § 552(b). The director of the BATF approved the agency's denial. In a memorandum he stated that the agency's claimed exemptions to the FOIA barred the appellant from access to the entire record.

■ Appellant Wightman subsequently filed suit for injunctive relief in the district court, seeking access to the entire or segregable portions of the requested BATF record. Both parties filed motions for summary judgment, with the BATF's supported by affidavits and a prepared *Vaughn* index.[1] Upon motion for *in camera* review in the *de novo* proceeding, 5 U.S.C. § 552(a)(4)(B), the district judge inspected the undisclosed documents. After analyzing the contested file and ordering it to be sealed and made part of the record,

the judge granted the BATF's motion for summary judgment holding as follows:

1. The record was essentially a report of a law enforcement investigation and therefore exempt under 5 U.S.C. § 552(b)(7)(C), (D), (E), and (F);

2. Parts of the record described internal rules and practices properly exempt under § 552(b)(2);

3. To the extent that exemptions (b)(2) and (b)(7) do not apply, there was no "reasonably segregable portion of" the record left after the exempt portions were deleted; and,

4. In the alternative, the exemptions to the Privacy Act, specifically 5 U.S.C. § 552a(j)(2), constitute a withholding statute under § 552(b)(3) of the FOIA and thus also barred the appellant from access to the requested record.[2]

## II. STATUTORY EXEMPTIONS

■ Although the appellant raises many matters on appeal, the central issue of this case revolves around record exemptions claimed by the BATF. After our own *in camera* review of the undisclosed BATF documents, we feel that exemptions 2 and 7 of the FOIA were properly applied to a substantial portion of the material.[3] The record is essentially an investigatory report compiled for law enforcement purposes. Investigative techniques and procedures used by BATF agents are described as well

**1.** *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). In response to the problem of assuring that allegations of exempt status are adequately justified, the D.C. Circuit created what has become known as the *Vaughn* index. This index requires agencies to prepare an itemized index, correlating each withheld document with a specific FOIA exemption and the relevant part of the agency's refusal justification. *Id.* at 827. While this index is not a universal requirement in FOIA cases, it has become a widely used and effective method of placing the burden of showing why information should be exempt on the agency attempting to do so.

**2.** Subsequent to the district court opinion the President signed into law the Central Intelligence Information Act, Pub.L. 98–477, 98 Stat. 2209. § 2(c) of the Act amends the Privacy Act stating:

"No agency shall rely on any exemption in this section to withhold from an individual any record which is otherwise accessible to such individual under the provisions of section 552 of this title [FOIA]."* *See U.S. Department of Justice v. Provenzano,* — U.S. —, 105 S.Ct. 413, 83 L.Ed.2d 242 (1984).
Therefore contrary to the district court's holding, the Privacy Act is not a withholding statute for the purposes of the FOIA. Because this was a holding in the alternative in the district court, and because we are remanding this case for other reasons, this portion of the district court's holding is no longer relevant to our decision.

**3.** Exemption 2 applies to information that is "related solely to the internal personnel rules and practices of an agency;" and exemption 7 applies generally to "investigatory records compiled for law enforcement purposes". 5 U.S.C. § 552(b)(2) & (7).

as the names, or information which could lead to the discovery of names, of confidential sources of information relating to the case. There is also material relating solely to the internal practices of the BATF (e.g., computer codes). Thus, this information is exempt.

■ The appellant argues that the FOIA invasion of privacy exemption, 5 U.S.C. § 552(b)(7)(C), was especially misapplied by the district court because some of the names and information sought to be protected were allegedly made available to some extent in a 1977 state prosecution project and thus cannot be private because they are already in the public domain. The only evidence the appellant offers in support of this is affidavits from four individuals who claimed to have been given copies of a report compiled by state law enforcement officials of an investigation executed in conjunction with the BATF. Even if we assume that the affiants did receive a report, the appellant presented no evidence as to what was contained in it except allegations that the appellant and affiants were being investigated for possible criminal violations. Nowhere in the record is it established that the affiants were made privy to the confidential information contained in the withheld BATF records. Therefore, due to the lack of evidence on this issue, we feel that there is no basis for concluding that this exemption was waived through previous disclosure.

Wightman contends that he was improperly denied a motion for discovery by *subpoena duces tecum* of this alleged state report, which by his account he also was given. However, additional evidence in the record reveals that in response to a request under state law from Wightman, the Massachusetts Suffolk County District Attorney's Office stated that the specific document was not maintained in the agency's data system. Thus, if there was any error in this discretionary procedure, it was harmless because the agency it was directed to did not have the sought after information.

## III.  SEGREGABILITY

Because we find that the substantial majority of the BATF records falls within the FOIA exemptions and that those exemptions were not waived through disclosure, we turn next to the issue of segregability. As the FOIA statute mandates, all reasonably segregable, non-exempt portions of any agency records must, after deletion of the exempt material, be disclosed to a requester, 5 U.S.C. § 552(b) (last sentence). The question thus becomes—after deletion of the exempt material of the BATF record, is there any information which is reasonably segregable and thus to be disclosed to the appellant under the FOIA?

■ In determining segregability courts must construe the exemptions narrowly with the emphasis on disclosure. *See* 5 U.S.C. § 552(c); *see also Department of the Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *Pratt v. Webster,* 673 F.2d 408 (D.C.Cir.1982).

■ The legislative history of the FOIA and its amendments, along with case law, make it clear that the primary purpose of the statute is to prevent "a rubber stamp 'top secret' mentality behind which legitimately disclosable documents can be shielded." *Conoco Inc. v. U.S. Department of Justice,* 687 F.2d 724, 726 (3rd Cir.1982). Thus while we are not editors our obligation in FOIA cases is to see that the only information to be withheld from requesters is that which unequivocally falls within the exemptions of the statute. Although the government need not be so specific in attempting to prove exemptions apply that truly confidential information is compromised, the burden still remains on it to establish why the information should be withheld. *See* 5 U.S.C. § 552(a)(2); *see also Vaughn v. Rosen,* 484 F.2d at 825; *Church of Scientology v. U.S. Department of Army,* 611 F.2d 738 (9th Cir.1979).

■ After deleting the clearly exempt portions from the BATF record, we feel that the district court may have erred in holding that none of the information in the

record was reasonably segregable. Although the scope of our review on appeal is limited in context, it appears to us that there are at least a few sentences, and at the most a few paragraphs, which do not fall within any of the exemptions and could be released to the appellant without jeopardizing the exempt information.[4]

The BATF cites *Lead Industries Ass'n. v. Occup. S. and H. Admin.*, 610 F.2d 70 (2d Cir.1979), and *Mead Data Central Inc. v. Department of the Air Force*, 566 F.2d 242 (D.C.Cir.1977) as support for withholding the entire record. These two cases would allow for the withholding of even non-exempt information when it "is so interspersed with exempt material that separation by the agency, and policing of this by the courts, would impose an inordinate burden." *Lead Industries Ass'n.*, 610 F.2d at 86. However, in these cases the courts were referring to situations where the segregation involved an unusual burden either because the contested record was voluminous or the cost of line-by-line analysis would, for other reasons, be high. In the case before us, the requested information is contained in 36 pages and the process of segregation is not, on its face, unreasonable.

## IV. OTHER ISSUES

Wightman raises other issues on appeal, two of which we shall briefly address.

The appellant claims that he should have been granted court appointed counsel. The record contains no evidence that Wightman ever requested counsel in the lower court. It is well settled that an issue not presented to the trial court cannot be heard for the first time on appeal. *See Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979). Furthermore if he felt that he deserved court appointed counsel, Wightman should have filed a 28 U.S.C. § 1915 motion in the district court. *See Appleby v. Meachum*, 696 F.2d 145 (1st Cir.1983) (28 U.S.C. § 1915 motion required of plaintiffs seeking court appointed counsel in civil actions). The appellant did not file such a motion.

Claiming that he deserved "additional indulgence" in his effort to oppose the BATF's motion for summary judgment, Wightman argues, unpersuasively, that because he was acting in a *pro sé* capacity the motion for summary judgment should not have been allowed. Case law indicates that courts should hold *pro se* documents to a less stringent standard. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). However, in addition to the fact that virtually all FOIA cases are adjudicated by summary judgment, the district court gave Wightman more than ample opportunity to present his case. Evidence of this is the court's allowance of a motion for *in camera* review of the undisclosed documents. No procedural handicaps barred the appellant from access to the requested information.

## V. CONCLUSION

Although we do not necessarily disagree with the end result of this case and realize that the district court may again find that none of the requested information is rea-

---

**4.** While we see no clear reasons for withholding some of the requested information, we make no specific findings on segregability. On remand the district court should reexamine the material contained in the following list which is an itemization of portions of the BATF record we feel may be outside the exemptions and possibly disclosable. Paragraph numbers are derived by counting full paragraphs.

    P. 2—Par. 3
    P. 3—Par. 2
    P. 3—Par. 6
    P. 5—Par. 1
    P. 6—Par. 2, 3, 6
    P. 9—Substituting P. 6
    P. 12—Par. 3 (beginning "On May 3, 1977")
    P. 13—Par. 1
    P. 14—Par. 1, 4
    P. 15—Par. 1
    P. 23—Par. 1

We are able to make this detailed list only because the records in question are quantitatively minimal. If the records were longer we might feel no obligation to create such a list. *See Lead Industries Ass'n. v. Occup. S. and H. Admin.*, 610 F.2d 70 (2d Cir.1979).

sonably segregable from the exempt portions, *see Crooker v. U.S. Parole Commission*, 730 F.2d 1, 12 (1st Cir.), vacated and remanded on other grounds, —— U.S. ——, 105 S.Ct. 317, 83 L.Ed.2d 255 (1984), we nonetheless remand this case for a more complete analysis on the issue of segregability consistent with this opinion. On remand the district court should require the BATF to make a more extensive showing as to the applicability of exemptions to material in footnote 4.

Affirmed as to everything except the issue of the potential segregability of the material in footnote 4.

LEVIN H. CAMPBELL, Chief Judge (concurring and dissenting).

I fully concur except in the decision to remand on the issue of the potential segregability of material listed in our footnote 4. I would affirm in full.

This is, to be sure, a close call, and I fully respect my colleagues' reasoning. And there is little harm done—the court makes it clear that if the government can convince the district court that portions listed in footnote 4 are exempt, disclosure need not be ordered. The court also limits the kind of ultra-sharp scrutiny required here to cases involving very short records—presumably to records not much longer than this one.

I worry, however, that this case will be read as requiring busy district judges to be unrealistically scrupulous about nit-picking records and ordering disclosure of isolated fragments that, standing alone, have little import. Especially with respect to reports of criminal investigation involving rather compelling reasons for nondisclosure, I think the district judge must have some practical leeway. It seems to me that the district judge's finding that there was left no reasonably segregable portion of the record after deletion of the exempt portions was not clearly erroneous and should be upheld.