Alfred B. SHAPIRO and Gregory J. Wentz, Plaintiffs-Appellants,

v.

DRUG ENFORCEMENT ADMINISTRATION, Defendant-Appellee.

Nos. 82–2818, 82–2819.

United States Court of Appeals, Seventh Circuit.

May 28, 1985.

Barry Sullivan, Jenner & Block, Chicago, Ill., for plaintiffs-appellants.

Douglas Letter, Appellate Staff Atty., Civil Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before BAUER, WOOD, Circuit Judges, and NEAHER, Senior District Judge.[*]

BAUER, Circuit Judge.

On November 26, 1984, the Supreme Court of the United States vacated this circuit's decision in *Shapiro v. Drug Enforcement Administration*, 721 F.2d 215 (7th Cir.1983), because of a change in the law under which that decision was rendered. *United States Dept. of Justice v. Provenzano*, — U.S. —, 105 S.Ct. 413, 414, 83 L.Ed.2d 242 (1984) (consolidated on appeal with *Shapiro v. DEA*). The case is now before us on remand from the Supreme Court for further action consistent with the present law. We, in turn, remand to the District Court for the Western District of Wisconsin, where the case arose.

In *Shapiro v. DEA*, 721 F.2d 215 (7th Cir.1983), we affirmed the district court's ruling that plaintiffs Alfred B. Shapiro and Gregory J. Wentz were not entitled to access to DEA records under the Freedom of Information Act. Before reaching this issue the district court had already determined that the information requested by Shapiro and Wentz under the Privacy Act was exempt from disclosure under Section 552a(j)(2) of that act. In view of this holding the district court then held that the information sought by Shapiro and Wentz was also exempt from disclosure under Section 552(b)(3) of the Freedom of Information Act, which states that the Freedom of Information Act does not apply to information which is

specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) estab-

lishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). The district court found that Section 552a(j)(2) of the Privacy Act met the requirements set forth in parts (A) and (B) of Section § 552(b)(3), and that therefore Section 552a(j)(2) was a "withholding statute" within the scope of Section 552(b)(3). On that basis the district court held that the information plaintiffs sought was exempt from disclosure under Section 552(b)(3) of the Freedom of Information Act, and we affirmed.

On October 15, 1984, the President signed into law the Central Intelligence Information Act, Pub.L. 98–477, which, in part, amended the Privacy Act by adding the following provision:

No agency shall rely on any exemption in this section to withhold from an individual any record which is otherwise accessible to such individual under the provisions of section 552 of [the Freedom of Information Act].

5 U.S.C. § 552a(q)(2). In enacting this legislation, Congress specifically intended to reject this circuit's holding that Section 552a(j)(2) is a withholding statute within the scope of Section 552(b)(3). *See, e.g.,* H.R.REP. No. 726, pt. 2, 98th Cong., 2d Sess. 14 (1984), U.S.Code Cong. & Admin. News 1984, pp. 3741, 3788. Rather, Congress intends that the courts construe the Privacy Act and the Freedom of Information Act separately and independently so that exemption from disclosure under the Privacy Act does not exempt disclosure under the Freedom of Information Act, and *vice versa. Id.* at 13. In other words, the information may be unavailable when a party requests access to that information under the Privacy Act but may be available when that information is requested under the Freedom of Information Act. *Id.*

The change in law effected by the enactment of Section 552a(q)(2) does not alter the manner in which exemption from disclo-

---

[*] The Honorable Edward R. Neaher, Senior Judge of the United States District Court for the East-ern District of New York, is sitting by designation.

sure under the Privacy Act is determined. Section 552a(q)(2) only affects the interrelationship between the Privacy Act and the Freedom of Information Act. We therefore affirm the district court's holding that the information requested by plaintiffs Shapiro and Wentz is exempt from disclosure under the Privacy Act and its denial of Wentz's request for correction of the allegedly inaccurate DEA records for the reasons stated in our earlier opinion. *See Shapiro v. DEA,* 721 F.2d 215, 217–18 (7th Cir.1983).

We vacate the district court's holding that plaintiffs were not entitled to the information requested under the Freedom of Information Act because Section 552a(q)(2) eliminates the basis for that holding. We therefore remand for further consideration of plaintiffs' claims in light of the present state of the law.