Richard J.C. MILLER, Plaintiff,

v.

UNITED STATES of America, Charles Z. Wick, as Director of the United States Information Agency, United States Information Agency, Charles Jones, Jr., Woodward Kingman, Charles E. Courtney and Joseph D. O'Connell, Jr., Defendants.

No. 85 C 3229.

United States District Court, E.D. New York.

March 25, 1986.

Arthur A. Grossman, Rego Park, N.Y., for plaintiff..

Raymond J. Dearie, U.S. Atty., (Robin L. Greenwald, Asst. U.S. Atty., of counsel), Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Defendant has moved for summary judgment in this action, which arises under the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. Plaintiff's complaint asks the court to direct defendants, the United States Information Agency (the Agency) and various of its employees, to produce parts of reports of investigations made to determine his eligibility and suitability for federal employment. Defendants have withheld the material pursuant to exemption (k)(5) of the Privacy Act and exemption (b)(7)(D) of the Freedom of Information Act.

█ In substance, the Privacy Act governs the responsibilities of federal agencies in the disclosure of, access to, and content of their records concerning individuals. The purpose of this act is to give individuals greater control over the gathering, dissemination, and accuracy of agency information about themselves. *Greentree v. U.S. Customs Service*, 674 F.2d 74, 76 (D.C.Cir.1982). However, subsection (k)(5), so far as pertinent, exempts from disclosure any investigatory material compiled solely to determine eligibility for federal employment but only if disclosure would reveal the identity of a confidential source giving information under an express promise that the identity of the source would be kept confidential. 5 U.S.C. § 552a(k)(5).

The Freedom of Information Act provides for public access to certain governmental information. *Greentree, supra* at 76. Subsection (b)(7)(D), in relevant part, exempts from disclosure investigatory records compiled for "law enforcement pur-poses" to the extent that production of the records would disclose "the identity of a confidential source" providing confidential information in a lawful national security intelligence investigation. 5 U.S.C. § 552(b)(7)(D).

On August 24, 1984 plaintiff applied for a job with the Television and Films Service division of the Agency. In order to hold the job plaintiff had to receive a "Critical Sensitive/Top Secret" security clearance. During March 1985 the Agency made a security investigation and interviewed a confidential informant. The informant, who insisted that and was told that his identity would remain confidential, stated that plaintiff had been fired from a job, was a "disaster" and a "nut," and should not serve in a sensitive position.

Thereafter, the Agency's Chief of Personnel Security Division wrote plaintiff that he had been found unsuitable for employment with the Agency because of prior dishonest conduct. Specifically, the Agency found that plaintiff had falsely answered the question "Have you ever been discharged (fired) from employment for any reason?" and had given false information during the investigation.

On May 22, 1985 plaintiff, pursuant to the Freedom of Information Act, asked defendant Wick, Director of the Agency, for all information and reports contained in its files related to the application for employment. The Agency released most of the information but refused to disclose any records identifying the informant on the basis of exemption (k)(5) of the Privacy Act and exemption (b)(7)(D) of the Freedom of Information Act. Plaintiff's appeal of this decision within the Agency was denied. This action followed.

It may be that prior to October 15, 1984 a person could not obtain disclosure under the Freedom of Information Act of material exempt under the Privacy Act. *See Terkel v. Kelly*, 599 F.2d 214 (7th Cir.1979), *cert. denied*, 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980). However, on that date the President signed into law the Central Intelligence Information Act, Pub.L.

98–477, 5 U.S.C. § 552a(q)(2), amending the Privacy Act to add the following provision: "No agency shall rely on any exemption in this section to withhold from an individual any record which is otherwise accessible to such individual under the provisions of" the Freedom of Information Act. Thus, exemption under the Privacy Act does not prevent disclosure under the Freedom of Information Act. *Shapiro v. Drug Enforcement Administration,* 762 F.2d 611, 612 (7th Cir.1985); *see also* 1984 U.S.Code Cong. & Admin.News, 3741, The court must therefore consider whether the Agency properly withheld the confidential information under exemption (b)(7)(D) of that Act.

As noted, that subsection exempts from disclosure investigatory records compiled for "law enforcement purposes," but only to the extent that their production would "disclose the identity of a confidential source."

 The term "law enforcement purposes" is not defined in the statutory language. But "enforcement" of the law fairly includes not merely the detection and punishment of violations of law but their prevention. *See Lamont v. Department of Justice,* 475 F.Supp. 761, 773 (S.D.N.Y. 1979). *See also* Attorney General's Memorandum on the 1974 Amendments to the Freedom of Information Act 6 (Feb.1975) *reprinted in* House Comm. on Government Operations & Senate Comm. on the Judiciary, 94th Cong., 1st Sess., Freedom of Information Act and Amendment of 1974 (P.L. 93–502) Source Book: Legislative History, Texts, and other Documents 516 (St. Comm.Print 1975). Surely material obtained in lawful national security intelligence investigations, including background security inquiries, falls within the exemption. *See* 1953 U.S.Code Cong. & Admin. News, 1007, 1008; *accord Pratt v. Webster,* 673 F.2d 408, 420–421 (D.C.Cir.1982).

Here plaintiff applied for a position requiring a security investigation; the information withheld was thus compiled for "law enforcement purposes"; and its production would "disclose the identity of a confidential source." The Agency therefore properly withheld the informant's identity. *See Williams v. FBI,* 730 F.2d 882, 885 (2d Cir.1984).

Plaintiff also asks the court to direct that the Agency expunge the informant's comments from the records. In general a person requesting relief under the Freedom of Information Act must exhaust all administrative remedies before seeking judicial review. *Hedley v. United States,* 594 F.2d 1043, 1044 (5th Cir.1979); *Morpurgo v. Board of Higher Education,* 423 F.Supp. 704, 714 n. 26 (S.D.N.Y.1976); *see also* 5 U.S.C. § 552(a)(6)(A). Plaintiff has not as yet done so, and the court may not now consider a direction to expunge the records.

Defendants' motion for summary judgment is granted. So ordered.