**CITY OF NEW YORK, et al.**

v.

**James A. BAKER III, Secretary of State, et al., Appellants.**

**Bruce CRONIN, et al.**

v.

**James A. BAKER III, Secretary of State, et al., Appellants.**

**Nos. 88–5236, 88–5237.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 6, 1989.

ON APPELLANTS' PETITION FOR REHEARING

Before MIKVA, BUCKLEY and WILLIAMS, Circuit Judges.

---

A Statement of Circuit Judge STEPHEN H. WILLIAMS concurring in the denial of the petition for rehearing follows herein.

## ORDER

PER CURIAM.

Upon consideration of appellants' petition for rehearing, it is

ORDERED, by the Court, that the petition is denied.

STEPHEN F. WILLIAMS, Circuit Judge, concurring in the denial of rehearing.

Appellants challenge our finding that the visa application of Nino Pasti was not mooted by the enactment of the Moynihan–Frank Amendment, Pub.L. No. 100–204, § 901(a), 101 Stat. 1399–1400 (as extended by Pub.L. No. 100–461, § 555, 102 Stat. 2268–36 to –37 (1988)). See 878 F.2d at 511–12. I believe the reason we offered there was unsound, but that the ultimate rejection of mootness was correct.

The government denied Pasti a visa in reliance on 8 U.S.C. § 1182(a)(27) ("subsection 27"), authorizing exclusion of an alien that the Attorney General has reason to believe seeks to enter the United States "to engage in activities which would be prejudicial to the public interest." It reached that conclusion on the basis of a legal view and a factual finding. The legal concept was that subsection 27 authorized exclusion on the basis of a prediction that mere entry (as opposed to actual activities) could have the requisite prejudicial effect. The factual finding of anticipated prejudice was based on Pasti's participation in activities of the World Peace Council. Moynihan–Frank prohibits exclusion because of "associations which, if engaged in by a United States citizen in the United States, would be [constitutionally] protected"; the government characterizes Pasti's World Peace Council association as belonging to that class. Accordingly it argues that Pasti will not be denied a visa on subsection 27 grounds and thus lacks any "personal stake" in the litigation. Cf. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975).

Our original decision rejected the mootness claim on the ground that Moynihan–Frank did not "bear on" the entry-activity argument. 878 F.2d at 511. The government, correctly in my view, argues that that has no relation to the issue of whether Pasti's personal stake in the litigation survives. A statute may clearly extinguish a litigant's personal stake in a controversy, see, e.g., *Department of Justice v. Provenzano,* 469 U.S. 14, 15, 105 S.Ct. 413, 413, 83 L.Ed.2d 242 (1984) (per curiam); *Boston Chapter, NAACP v. Beecher,* 716 F.2d 931 (1st Cir.1983), vacated and remanded, 468 U.S. 1206, 104 S.Ct. 3576, 82 L.Ed.2d 874 (1984), judgment reaffirmed, 749 F.2d 102 (1st Cir.1984) (per curiam); 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3533.6 (1984), even though it has no relation to the legal issue raised by the claim. A statute making Pasti a citizen would surely extinguish his personal stake in the litigation, even though it would not "bear on" the meaning of subsection 27.

Nonetheless, I do not believe that Moynihan–Frank so clearly assures Pasti the requested visa as to moot the district court decision in his favor. While the Amendment on its face would seem to preclude a visa denial on these facts, and Justice Department counsel tell us that it would compel acceptance of Pasti's application, the government offers no further or firm evidence beyond its briefs that its practice (or that of the Department of State, which has significant front-line responsibilities in the area) has been altered to reflect the new legislation's asserted impact in cases like Pasti's. We have before us no representation as to changed regulations, practices or procedures, or evidence that visas are in fact now being granted in such cases. Cf. *FLRA v. Department of the Treasury,* 884 F.2d 1446, 1455–56 (D.C.Cir.1989) (litigating positions, where not adopted by agency heads, may not reflect considered agency decision-making). The government is not bound by its characterizations before us. Moreover, the legislative history of Moynihan–Frank includes an express disavowal of any intention to resolve the issues in this litigation. See S.Rep. 100–75, 100th Cong.,

1st Sess. 41, U.S.Code Cong. & Admin. News 1987, pp. 2314, 2357 "[t]he amendment should not be construed as taking any position on the issues in litigation in [*Reagan v. Abourezk*]"); see also Wright, Miller & Cooper, § 3533.6, at 337 ("[i]f it is concluded that new legislation was specifically intended to resolve the questions raised by pending litigation, a court may find that the dispute is moot; a contrary conclusion that pending litigation was not to be affected by the legislation may be expressed by finding the dispute not moot").

I do not doubt the good faith of counsel in saying that the government would grant Pasti a visa were he to apply for one in the future, but find the representation insufficient on the present facts in the absence of a more direct indication of an altered agency approach. Thus Pasti has an interest in seeing the district court order stand, and the case remains susceptible of judicial consideration.