SHAFMASTER FISHING COMPANY

v.

UNITED STATES of America, UNITED STATES COAST GUARD.

Civ. No. 91–687–JD.

United States District Court,
D. New Hampshire.

Feb. 4, 1993.

Act ("FOIA") violations under 5 U.S.C.A. § 552 (West 1977 & Supp.1992).[1] Defendant has moved for dismissal or, in the alternative, for summary judgment, relying on two affidavits submitted by Captain Paul D. Barlow, Chief, Law Enforcement Branch, Operations Division in the First Coast Guard District in Boston, Massachusetts ("Barlow affidavit I" and "Barlow affidavit II") and a Vaughn index ordered by the court.

*Background*

On June 7, 1991, SFC first requested records of USCG boarding reports and related summaries pertaining to the F/V Jennifer Anne. SFC's request was triggered by a series of boardings of its vessels by USCG beginning in late 1988 or early 1989. On July 15, 1991, SFC received information represented to be the "Coast Guard file," with certain personal information redacted pursuant to FOIA exemption (b)(6).[2] After inspecting these documents, SFC noticed that a USCG intelligence report describing the January 1990 boarding of the F/V Jennifer Anne was missing. On July 19, 1991, SFC made a second request, expanded to cover all four of SFC's vessels.

On August 29, 1991, SFC received a response stating that the information USCG was providing was all the information in its files, except the personal information previously redacted. SFC made another request for the same information on August 30, 1991 and requested several specific missing documents. On or about September 21, 1991, USCG responded and asserted an exemption for records compiled for law enforcement purposes which could disclose the identity of a confidential source pursuant to FOIA exemption (b)(7).[3]

Debra Weiss Ford, Manchester, NH, for plaintiff.

Elaine Marzetta Lacy, Concord, NH, for defendant.

## ORDER

DiCLERICO, Acting Chief Judge.

Plaintiff Shafmaster Fishing Company ("SFC") is suing defendant United States of America, United States Coast Guard ("USCG"), alleging Freedom of Information

1. 5 U.S.C.A. § 552(a)(3) (West 1977 & Supp. 1992) provides in relevant part, "each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."

2. 5 U.S.C.A. § 552(b)(6) exempts from disclosure, "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" The plaintiff does not dispute that this information was properly withheld pursuant to this section.

3. 5 U.S.C.A. § 552(b)(7) exempts from disclosure records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis[.]

On October 9, 1991, SFC appealed USCG's failure to provide the requested documents, and received no response within twenty days.[4] SFC filed this suit to compel production of the documents. USCG filed the Barlow affidavit I to justify withholding the information. The court ordered USCG to file a more detailed affidavit, the Barlow affidavit II, and a Vaughn index detailing the information withheld and correlating it with specific FOIA exemptions. At issue are fourteen sentences and two paragraphs in four documents withheld pursuant to 5 U.S.C.A. § 552(b)(7)(D).

*Discussion*

USCG asserts the court lacks subject matter jurisdiction over the case because the withheld or redacted information falls within exemptions to FOIA. USCG contends it has met its burden of proving that the withheld material is exempt from disclosure by submitting the Barlow affidavits and Vaughn index. SFC contends USCG has failed to show the withheld documents are properly exempt under FOIA.

■ The court first considers the threshold issue of subject matter jurisdiction. Pursuant to 5 U.S.C.A. § 552(a)(4)(B), the district court has jurisdiction to enjoin an agency from withholding agency records, and shall determine the matter *de novo*. Subject matter jurisdiction under 5 U.S.C.A. § 552(a)(4)(B) is dependent upon a showing that an agency "has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980); *Gillin v. IRS*, No. 90–31–D, slip op. at 2 (D.N.H. Apr. 15, 1991). The court thus lacks subject matter jurisdiction if the information was properly withheld under FOIA exemptions.

■ The court, in determining jurisdiction under Fed.R.Civ.P. 12(b)(1), is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R.*

*Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992). The court thus considers the Barlow affidavits and the Vaughn index in determining whether the information was properly withheld.

■ The burden is on USCG to show the withholding was proper. *Wightman v. Bureau of Alcohol, Tobacco & Firearms*, 755 F.2d 979, 982 (1st Cir.1985); *Orion Research Inc. v. Environmental Protection Agency*, 615 F.2d 551, 553 (1st Cir.), *cert. denied*, 449 U.S. 833, 101 S.Ct. 103, 66 L.Ed.2d 38 (1980). "To satisfy this burden, the agency must furnish a detailed description of the contents of the withheld material and of the reasons for nondisclosure, correlating specific FOIA exemptions with relevant portions of the withheld material." *Orion Research*, 615 F.2d at 553 (citations omitted).

■ The Barlow affidavit II indicates that fourteen sentences and two additional paragraphs were withheld to protect the identities of confidential sources under 5 U.S.C.A. § 552(b)(7)(D). That section exempts from disclosure

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis[.]

5 U.S.C.A. § 552(b)(7)(D). The Barlow affidavit II states the withheld information was obtained through three different confidential sources, two being state, local or foreign agencies who provided the information with the expectation it would remain confidential, and the third being an individual explicitly promised anonymity by USCG. Barlow affidavit II at ¶¶ 2, 3. The Barlow affidavit II further asserts that release of information obtained from these sources or release of information allowing the sources' identities to be ascertained would jeopardize USCG's abil-

4. Pursuant to 5 U.S.C.A. § 552(a)(6)(A)(ii), the agency must make a determination within twenty days after the receipt of the appeal. Defendant received plaintiff's appeal on October 16, 1991.

ity to obtain such information and develop confidential sources in the future. Barlow affidavit II at ¶¶ 2, 3. The legislative history of exemption 7(D) makes clear that Congress enacted the exemption to enable law enforcement agencies to recruit and maintain confidential sources and "its object was not simply to protect the source, but also to protect the flow of information to the law enforcement agency." *Irons v. FBI,* 880 F.2d 1446, 1449, 1453 (1st Cir.1989).

SFC contends USCG must disclose the information because SFC believes the individual source's communications with USCG were motivated by bad faith. USCG notes that the explicit provisions of 5 U.S.C.A. § 552(b)(7)(D) do not contain an inquiry into the subjective motivation of the informant, and that any such requirement would be unworkable. The court agrees with USCG. Under 5 U.S.C.A. § 552(b)(7)(D), whether information is subject to disclosure depends upon whether the information was compiled for law enforcement purposes and whether the informant supplied the information on the condition of anonymity. Courts have held that information is exempt from disclosure under 5 U.S.C.A. § 552(b)(7)(D) if the information was acquired under an implied or express assurance of confidentiality "or in circumstances from which such an assurance could be reasonably inferred." *Nix v. United States,* 572 F.2d 998, 1003 (4th Cir.1978); *Pacheco v. FBI,* 470 F.Supp. 1091, 1096 (D.P.R.1979) (citations omitted). Unless there is evidence to the contrary, promises of confidentiality are implicit in a federal law enforcement agent's interviews conducted pursuant to a criminal investigation. *Fiumara v. Higgins,* 572 F.Supp. 1093, 1109 (D.N.H.1983) (citations omitted); *see also Sands v. Murphy,* 633 F.2d 968, 970 (1st Cir.1980). The court finds USCG has met its burden of showing the information was obtained through express and implied promises of confidentiality.

SFC asserts the information should be disclosed because SFC allegedly knows the identities of the sources. The identities of the sources need not be secret to justify withholding information under exemption 7(D). *Irons,* 880 F.2d at 1448. "The words

'furnished by a confidential source' do not mean that the information or the identity of the source is secret; they simply mean that the information was 'provided in confidence' at the time it was communicated to the [agency]." *Id.* (citations omitted).

SFC also questions the good faith of USCG, alleging USCG has improperly withheld nonexempt material. The court notes that

> [a]lthough the burden of proof is on the agency claiming exemptions, and even though courts must apply that burden with an awareness that the Plaintiff is at a disadvantage in attempting to controvert the agency's assertions, it is also true that a submission by the agency of an index of withheld documents, accompanied by detailed justifications for their non-disclosure may adequately permit courts to evaluate the merits of Defendants' claims of exemptions. In this task, the court is expected to accord "substantial weight" to the agency's affidavit.

*Pacheco,* 470 F.Supp. at 1096 (citations omitted); *see also Bell v. United States,* 563 F.2d 484, 487 (1st Cir.1977) (court expected to accord "substantial weight" to agency's affidavit). Although the court does not condone the procedure by which USCG continually disclosed nonexempt information when pressed to enunciate their justification for withholding, the court notes that USCG responded promptly and adequately to the court's order to produce a more detailed affidavit and Vaughn index. The fact that further disclosure occurred after plaintiff's initial request is not dispositive of the issue of the agency's bad faith. *See Varona Pacheco v. FBI,* 456 F.Supp. 1024, 1029 (D.P.R. 1978) (quoting *Weissman v. CIA,* 565 F.2d 692, 698 (D.C.Cir.1977)). Based on the information now available to the court, the court finds USCG has met its burden of showing the information withheld is properly exempt from disclosure under 5 U.S.C.A. § 552(b)(7)(D). *See Hrones v. CIA,* 685 F.2d 13, 18 (1st Cir.1982) (Although earlier affidavit did not satisfy agency's burden, later affidavits demonstrated that releasing documents would disclose identities of confidential sources).

In light of the foregoing analysis, the court lacks subject matter jurisdiction over the suit.

*Summary*

The defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) (document no. 3) is granted.

SO ORDERED.