Telegraph Pub. Co. v. U.S.D.O.J.     CV-95-521-M    03/29/96

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Telegraph Publishing Company, Inc.

    v.                                        Civil No. 95-521-M

United States Department of Justice


**O R D E R**


Currently for the court's consideration is a Motion for Production of *Vaughn* Index (document no. 8).  The motion is granted to the extent noted below.


BACKGROUND

The plaintiff, Telegraph Publishing Company, Inc., submitted a request under the Freedom of Information Act (FOIA) seeking the production of records pertaining to the investigation and prosecution, by the United States Attorney's Office for the District of New Hampshire, of three Nashua aldermen.  The Executive Office for United States Attorneys denied the request, reasoning that the Privacy Act and Exemptions 6 and 7(c) of the FOIA prohibit release of the information.  The plaintiff then filed suit in this court seeking the production of the requested material.  As support for its suit, the plaintiff states that under the FOIA it is entitled to certain information.  The

information specifically sought from the defendant is "any and all records relating to the investigation and prosecution of three former Nashua aldermen" who had been the subject of a criminal investigation, and eventually, criminal convictions. Motion for Production of *Vaughn* Index at page 1. Among the records sought are "transcripts or tapes of any and all recordings of conversations involving the [aldermen] or any other public official or public figure" as well as "reports or other records documenting the contents of statements given by any and all witnesses, suspects or other persons interviewed during the investigation." Id. at 2.

In progressing with its action, the plaintiff now requests the production of a Vaughn Index[1]. Plaintiff suggests that a Vaughn Index is the proper method by which a determination can be made as to whether the defendant's reasons for nonproduction are reasonable and well-founded. Plaintiff's approach to nondisclosure is to require the defendant "to produce and deliver . . . a Vaughn index describing, with respect to each and every record in its possession, custody or control which falls within

_____

[1]"`Vaughn Index' is a term derived from Vaughn v. Rosen, [484 F.2d 820,] 157 U.S. App. D. C. 340 [] (1973), cert. denied, 415 U.S. 977 (1974). The `Index' usually consists of a detailed affidavit, the purpose of which is to `permit the court system effectively and efficiently to evaluate the factual nature of disputed information.'" John Doe Agency v. John Doe Corp., 493 U.S. 146, 149 n. 2, 110 S. Ct. 471, 107 L.Ed.2d 462 (1989).

2

the scope of the . . . request, (1) the record itself in detail sufficient to identify it, (2) the particular exemption claimed to apply to such record, and (3) the reasons why such exemption applies . . . ." Motion for Production of *Vaughn* Index at page 3.

The defendant refuses to disclose the information requested by the plaintiff, asserting that the information sought relates to "sensitive law enforcement information . . . ." U.S. Department of Justice's Memorandum in Opposition to Plaintiff's Motion for a *Vaughn* Index at page 3.

## DISCUSSION

The "FOIA requires government agencies to `make . . . promptly available' to any person, upon request, whatever `records' the agency possesses unless those `records' fall within [certain] exemptions." Church of Scientology Intern. v. U.S. Dept. of Justice, 30 F.3d 224, 228 (1st Cir. 1994)(citing 5 U.S.C. § 552(a)(3), (b)). "The statute's basic purpose is `to ensure an informed citizenry, vital to the functioning of a democratic society,' N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 242, 98 S. Ct. 2311, 2327, 57 L.Ed.2d 159 (1978), or, stated more specifically, `to open agency action to the light of public scrutiny.' U.S. Dept. of Justice v. Reporters Committee

for Freedom of Press, 489 U.S. 749, 772, 109 S. Ct. 1468, 1481, 103 L.Ed.2d 774 (1989)." Church of Scientology Intern., 30 F.3d at 228. Notably, the policy underlying the FOIA is one of broad disclosure. Thus, the government is obligated to supply any requested information unless a specific exemption prevents or forbids such disclosure. Id.; Aronson v. I.R.S., 973 F.2d 962, 966 (1st Cir. 1992).

Although the purpose behind the FOIA is generally regarded as being one of broad divulgence, "Congress fashioned certain explicit exemptions from disclosure . . . in order to preserve vital government policies and, in some cases, to protect individuals." In re Department of Justice, 999 F.2d 1302, 1305 (8th Cir. 1993); see 5 U.S.C. § 552(b)(1)-(9); Robbins Tire & Rubber Co., 437 U.S. at 220-21, 98 S. Ct. at 2316, 57 L.Ed.2d 159 ("Congress carefully structured nine exemptions from the otherwise mandatory disclosure requirements in order to protect specified confidentiality and privacy interests."). Further, even despite the liberal congressional purpose behind the FOIA, the United States Supreme Court "has recognized that the statutory exemptions are intended to have meaningful reach and application." John Doe Agency, 493 U.S. at 152.

The "FOIA also provides for partial disclosure of documents that contain some exempted information, mandating that `all

4

reasonably segregable, non-exempt portions of any agency records must, after deletion of the exempt material, be disclosed to a requester, 5 U.S.C. § 552(b).'" Church of Scientology Intern., 30 F.3d at 228 (citing Wightman v. Bureau of Alcohol, Tobacco & Firearms, 755 F.2d 979, 983 (1st Cir. 1985)). In evaluating segregability, "courts must construe the exemptions narrowly with the emphasis on disclosure." Id. An agency may reasonably and properly retain nonexempt information requested only if the information "`is so interspersed with exempt material that separation by the agency, and policing of this by the courts would impose an inordinate burden.'" Id. (quoting Lead Industries Ass'n, Inc. v. Occupational Safety and Health Admin., 610 F.2d 70, 86 (2d Cir. 1979)).

Following a request for disclosure of information under the FOIA, the government retains the burden of demonstrating the applicability of any exemptions. Maynard v. C.I.A., 986 F.2d 547, 554 (1st Cir. 1993) (citing 5 U.S.C. § 552(a)(3)). "To satisfy [its] burden, the agency must [typically] furnish a detailed description of the contents of the withheld material and the reasons for nondisclosure, correlating specific FOIA exemptions with relevant portions of the withheld material." Orion Research, Inc. v. Environmental Protection Agency, 615 F.2d 551, 553 (1st Cir.), cert. denied, 449 U.S. 833, 101 S. Ct. 103,

5

66 L.Ed.2d 38 (1980). The government is obligated to supply "reasoned justification" for its withholding of information requested under the FOIA. Church of Scientology Intern., 30 F.3d at 233. Consistent with the obligation imposed on the government, a court must be heedful of the fact that a plaintiff "`is at a disadvantage in attempting to controvert [an] agency's assertions'" concerning the applicability of claimed exemptions. Shafmaster Fishing Co. v. U.S., U.S. Coast Guard, 814 F. Supp. 182, 185 (D.N.H. 1993)(quoting Pacheco v. Federal Bureau of Investigation, 470 F. Supp. 1091, 1096 (D.P.R. 1977)).

It is not enough for the government merely to assert that some exemption prohibits disclosure without providing some rationale or explanation to support such an assertion. See Church of Scientology Intern., 30 F.3d at 234. Instead, "the government has an obligation to spell out that relationship." Id. Upon the request by a party for information allegedly exempt from disclosure, it is possible for a requester to inquire into the general nature of the information without infringing on what might in fact turn out to be privileged information. Further, as noted in United States Dep't of Justice v. Landano, 508 U.S. ---, ---, 113 S. Ct. 2014, 2024, 124 L.Ed.2d 84 (1993), armed with the ability to make an inquiry into the general nature of information, "the requester will have a more realistic

6

opportunity to develop an argument that the circumstances do not support" the opposition's argument that certain material is exempt from disclosure.

In the instant case, the plaintiff states that "[w]ithout information as to the nature of the records held by the defendant and, with respect to each such record, the reason why the defendant contends it is exempt from disclosure, the Telegraph will be unable to mount a meaningful argument in support of its request." Motion for Production of *Vaughn* Index at page 2.

In opposing the plaintiff's request for an index, the government offers that the information requested by the plaintiff is sensitive law enforcement information, including grand jury information, which implicates the personal privacy exemptions, Exemptions 6 and 7(c) of the FOIA. Defendant also suggests that a Vaughn Index is futile in the face of categorical exemptions.

Without question, there are two very significant problems associated with the instant FOIA action and request for the production of a Vaughn Index. The first problem involves the "considerable burden laid on both the government and the trial court in searching files for multitudinous documents, analyzing them, and justifying not only any exclusion relied upon but any refusal to redact and segregate the disclosable from the residually privileged." Church of Scientology Intern., 30 F.3d

7

at 229 (1st Cir. 1994). This burden could even be exacerbated "by the . . . lack of any perceptible public purpose on the part of the requester." Id. Nevertheless, a realistic recognition must be made that even though the FOIA may complicate the task of governing, the goals and principles underlying the law must be safeguarded and respected. Id.; Senate of Com. of Puerto Rico on Behalf of Judiciary Committee v. U.S. Department of Justice, 823 F.2d 574, 587 (D.C. Cir. 1987).

The second problem presented by a FOIA request pertains to the production of a Vaughn Index. A defendant, vehemently claiming an exemption, may have a reasonable fear that providing the very type of detail associated with an index will invariably "breach the dike." Curran v. Department of Justice, 813 F.2d 473, 475 (1st Cir. 1987). In this type of circumstance, however, where the information contained in an index could not help but reveal information intended to be protected, a court should require an agency to make a generic determination of likely interference, rather than a Vaughn-specific proffer. The cure, after all, "should not itself become the carrier of the disease." Id. Despite the fact that "the government need not justify its . . . refusal on a document-by-document basis, there must . . . be some minimally sufficient showing." Id. Such an offer should be made by a "category-of-document by category-of-document . . . not

8

. . . file-by-file." Crooker v. Bureau of Alcohol, Tobacco and Firearms, 789 F.2d 64, 67 (D.C.Cir. 1986). "The chief characteristic of an acceptable taxonomy should be functionality- that is, the classification should be clear enough to permit a court to ascertain `how each . . . category of documents, if disclosed, would interfere with the investigation.'" Curran, 813 F.2d at 475 (quoting Campbell v. Department of Health and Human Services, 682 F.2d 256, 265 (D.C.Cir. 1982)). "Withal, a tightrope must be walked: categories must be distinct enough to allow meaningful judicial review, yet not so distinct as prematurely to let the cat out of the investigative bag." Curran, 813 F.2d at 475.

The defendant here may ultimately be correct in asserting that the information requested by the plaintiff falls within certain exemptions. Notwithstanding this possibility, however, such an argument at this point, without more, does not call for the conclusion that the government should not be expected to substantiate its reasons behind claiming particular exemptions. Fundamentally, the policies and protections underlying and afforded by the FOIA would be greatly narrowed if a federal agency were able to shirk, without explanation, its burden of having to establish that its withholding of information is proper and well-founded. 5 U.S.C. § 552(a)(4)(B); Wightman, 755 F.2d at

982; <u>Orion Research</u>, 615 F.2d at 553; <u>Shafmaster Fishing Co.</u>, 814 F. Supp. at 184. Moreover, at this point the defendant has not even attempted to satisfy its burden of providing sufficient information such that this court can make a determination as to the applicability of any exemptions.

From a practical standpoint, without the aid of an index the plaintiff in this case will find himself in a Catch-22: the plaintiff is denied access to information by the assertion of an exemption, and yet will be unable to challenge or question that exemption based on his inability to understand the true general character of the information. Courts, including our own, have mitigated this Catch-22 by requiring the party balking at disclosure to submit a Vaughn Index. <u>Shafmaster v. USA</u>, No. CV-91-687-JD (D.N.H. filed September 25, 1992); <u>Providence Journal Co. v. U.S. Dept. of Army</u>, 769 F. Supp. 67 (D.R.I. 1991); <u>9To5 Organization for Women Office Workers v. Board of Governors of Federal Reserve System</u>, 547 F. Supp. 846 (D.Mass. 1982); <u>Wiener v. F.B.I.</u>, 943 F.2d 972, 977 (9th Cir. 1991). An index provides a method of insuring protection of the adversarial process in FOIA cases, particularly in light of the fact that the party opposing disclosure will have sole and complete access to all the information.

The plaintiff essentially seeks to level the playing field

10

by gaining a brief insight into the character of the information retained by the government and the reasons behind the government's unwillingness to disclose.  This, the plaintiff should be entitled to do.  No doubt, the production of an index will further the responsibilities and protections associated with the FOIA in three fundamental ways.  An index will (1) force the government agency to consider and review carefully any material withheld, (2) provide to the court a mechanism by which to fulfill its duty of ruling on the applicability of claimed exemptions, and (3) enable the adversary system to operate efficiently by giving the plaintiff as much information as possible, which in turn will provide a basis by which it can present its case to the trial court.  Maynard, 986 F.2d at 557.


CONCLUSION

In this case, the court finds that the interests sought to be protected by the FOIA may best be served by the production of a Vaughn Index.  Consequently, the defendant shall prepare an index which contains a relatively detailed explanation as to the documents that have not been produced per plaintiff's request and the reasons why such production has not been made.  The index shall specifically identify the reasons why a particular exemption is applicable and shall correlate the exemption claim

11

with the particular part of the withheld documents to which they apply. The court recognizes that there is no set mold to which a Vaughn Index must conform. Church of Scientology Intern., 30 F.3d at 231. However, the index should be sufficient to allow "the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." Wiener, 943 F.2d at 977-78. In those instances where the defendant reasonably fears that providing specific information, in the form of a Vaughn Index, will "breach the dike" and run the risk of seriously compromising an interest needy of protection, the government shall request the court to conduct an in camera review of the information as a means of demonstrating that an exemption applies and no further specificity should be required. As to information for which in camera review is sought, the government will be obligated to offer a classification showing how a particular category of documents is or should be restricted from disclosure under a specific exemption.

12

Plaintiff's Motion for Production of *Vaughn* Index (document no. 8) is granted to the extent noted above.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  March 29, 1996

cc:  Richard C. Gagliuso, Esq.
     Gretchen Leah Witt, Esq.
     Steven M. Gordon, Esq.