# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 97-3774

———————

| | | |
|---|---|---|
| State of Missouri, ex rel David A. Shorr, | * | |
| | * | |
| | * | |
| Plaintiff-Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| United States Army Corps of Engineers, | * | |
| | * | |
| | * | |
| Defendant-Appellee. | * | |

———————

Submitted: May 12, 1998
Filed: June 18, 1998

———————

Before BEAM and MURPHY, Circuit Judges, and MELLOY,[1] District Judge.

———————

MURPHY, Circuit Judge.

In this action the State of Missouri seeks disclosure of a document from the United States Army Corps of Engineers (Corps) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The district court[2] granted summary judgment to the Corps

———————

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa, sitting by designation.

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

on the ground that the document is exempt from disclosure under 5 U.S.C. § 552(b)(5). Missouri appeals from the judgment, and we affirm.

The Corps is in the process of updating the Missouri River Master Water Control Manual to describe how the Corps intends to operate the Missouri River reservoirs and preparing an environmental impact statement (EIS) in accordance with the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4347. As part of this process, the Corps published a draft EIS endorsing a plan to aid the reproduction of a type of fish known as the pallid sturgeon, an endangered species. The plan apparently could also have the effect of reducing the amount of water available to Missourians. The United States Fish and Wildlife Service (USFWS) meanwhile drafted a biological opinion stating that the proposal would actually imperil the pallid sturgeon.

David Shorr, the Director of the Missouri Department of Natural Resources, made a FOIA request on behalf of the state demanding disclosure of all "intra-agency communications discussing the pallid sturgeon." The particular document which is the subject of this appeal is an intra-agency memorandum on the pallid sturgeon. The Corps refused to disclose it, relying on the FOIA deliberative process privilege, which exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." See 5 U.S.C. § 552(b)(5) ("Exemption 5"). The district court concluded nondisclosure of the memo was justified by Exemption 5.

The purpose of the deliberative process privilege is to allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny. See Assembly of State of Cal. v. United States Dep't of Commerce, 968 F.2d 916, 920 (9th Cir. 1992). Exemption 5 to the FOIA permits nondisclosure if the document in question is an inter- or intra-agency memorandum which is both predecisional and deliberative. Id. at 920-21. A predecisional document is one which is designed to assist agency decisionmakers in arriving at their decisions and which

contains the personal opinions of the writer rather than the policy of the agency.  Id.
A document is deliberative if its disclosure would expose the agency's decision-making process in a way that would discourage candid discussion and thus undermine the agency's ability to perform its functions; the focus is on whether the document is part of the agency's deliberative process.  Id.

We have examined the sturgeon memo and agree that it is protected from disclosure by Exemption 5.  The memo is a two-and-one-half page document which was written by Acting Deputy Director Warren J. Mellema on August 23, 1994 and circulated to staff.  It consists of some general comments about the USFWS draft biological opinion, as well as specific comments responding to particular paragraphs of the opinion.  The sturgeon memo is actually an excellent example of the kind of document Exemption 5 is designed to protect.  It is the frank reaction of an individual with significant responsibility to the draft biological opinion, designed to assist agency decisionmakers in formulating final agency policy by candidly critiquing the development of the proposed policy.  Premature disclosure of critical comments while policy is being formulated would discourage free ranging criticism and consideration of alternatives within an agency and would not be in the public interest.

Missouri advances several arguments why the memo should nevertheless be disclosed.  First, Missouri argues that disclosure is required by NEPA, by a regulation from the Council on Environmental Quality (CEQ), and also by fundamental fairness.  Although NEPA contemplates public participation, we do not agree that NEPA necessitates disclosure of internal agency memoranda which are generated as part of the agency's deliberative process in preparing its EIS.  Rather, NEPA's statutory language specifically indicates that disclosure to the public is to be in accord with FOIA, which includes Exemption 5.  See 42 U.S.C. § 4332(C) (EIS shall be made available to public in accord with 5 U.S.C. § 552).  The CEQ regulation does not control, as it applies only to inter-agency memoranda, and the sturgeon memo is an intra-agency communication.  See 40 C.F.R. § 1506.6(f) (1997) (requiring agencies to

make "any underlying documents available to the public pursuant to [FOIA], without regard to the exclusion for interagency memoranda where such memoranda transmit comments of Federal agencies on the environmental impact of the proposed action"). We also do not see how nondisclosure would hinder fundamental fairness. The sturgeon memo provides no new factual data which could be used by Missouri to formulate its position on development of the Corps' final EIS. The memo merely comments on the USFWS biological opinion, which has already been disclosed to the public. Furthermore, nondisclosure does not preclude Missouri from commenting on either the Corps' draft EIS or the USFWS opinion.

Missouri maintains that the Corps has failed to show how the deliberative process would be adversely affected by disclosing the sturgeon memo. Perhaps a fuller description by the Corps of the sturgeon memo and why it is exempt might have avoided this litigation, but it was not improper for the Corps to conclude that open and frank intra-agency discussion would be "chilled" by public disclosure of this memo generated as part of the agency's deliberative process.

Finally, Missouri argues that the Corps was required to disclose the sturgeon memo in accord with agency policy which mandates disclosure unless the document is exempt under FOIA and a significant reason exists for nondisclosure. As we have previously discussed, however, Exemption 5 protects the memo from nondisclosure, and the Corps was entitled to conclude that disclosure would imperil its agency functions by stifling internal debate and discussion on the merits of its draft EIS in light of the USFWS opinion.

Our examination of the sturgeon memo persuades us that Exemption 5 justified the Corps' decision not to disclose it to the state. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.