37 F.Supp.2d 1144 (1999)
Perry J. MACE, Plaintiff,
v.
U.S. EEOC, Defendant.
No. 4:98-CV-973 CAS.
United States District Court, E.D. Missouri, Eastern Division.
February 16, 1999.
*1145 Perry J. Mace, St. Louis, MO, plaintiff pro se.
Maria C. Sanchez, Office of U.S. Attorney, St. Louis, MO, Ellen J. Vargyas, Thomas J. Schlageter, Stephanie D. Garner, Washington, DC, for Equal Employment Opportunity Commission, defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on the Motion to Dismiss or, in the Alternative, for Summary Judgment of defendant United States Equal Employment Opportunity Commission ("EEOC" or "defendant").[1] Plaintiff Perry J. Mace, pro se, opposes the motion and moves for summary judgment on his complaint. Plaintiff also moves for the joinder of the State of Missouri Office of Civil Rights as a defendant. The EEOC opposes plaintiff's motions for summary judgment and for joinder.

I. Background.

Plaintiff filed this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) as amended, alleging that the EEOC failed to produce a complete copy of plaintiff's employment discrimination charge file in response to his FOIA request. The EEOC responds that it has produced all but one document of plaintiff's charge file, and that the withheld document is properly exempted from FOIA disclosure under the deliberative process exception for inter-agency memoranda, 5 U.S.C. § 552(b)(5) ("Exemption 5").
The EEOC moves to dismiss the case for lack of subject matter jurisdiction, and in the alternative, moves for summary judgment on the merits of plaintiff's FOIA claim.[2] For the following reasons, the Court concludes that it has subject matter jurisdiction over this action, and that defendant's alternative motion for summary judgment should be granted.

II. Subject Matter Jurisdiction.

Defendant asserts that because it produced all documents responsive to plaintiff's FOIA request with the exception of one document properly withheld under Exemption 5, the Court lacks subject matter jurisdiction over plaintiff's complaint. In support, defendant cites the Supreme Court's statement that federal jurisdiction in a FOIA case is:
dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdiction grant conferred by [5 U.S.C.] § 552, if the agency has contravened all three components of this obligation.
Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). Defendant has not, however, cited any cases in which complaints similar to plaintiff's were dismissed for lack of subject matter jurisdiction under Kissinger.
A FOIA treatise explains that most courts have not interpreted Kissinger literally, and instead hold that district courts have subject matter jurisdiction over FOIA claims, but are deprived of further jurisdiction to act upon concluding that an agency is entitled to summary judgment. See Office of Information and Privacy, U.S. Dep't of Justice, Freedom of Information Act Guide & Privacy Act Overview at 480-83 (Sept.1998 ed.) ("FOIA Guide"); see, e.g., Sweetland v. Walters, 60 F.3d 852, 855 (D.C.Cir.1995).[3]
*1146 If Kissinger were applied literally, "all FOIA cases resolved in favor of the government would ultimately be dismissed for lack of subject matter jurisdiction, which clearly has not been the case in practice." FOIA Guide at 482. "Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved." Id. at 548. This is true of reported FOIA cases in the Eighth Circuit. See, e.g., State of Missouri ex rel. Shorr v. United States Army Corps of Engineers, 147 F.3d 708, 710 (8th Cir.1998) ("Shorr") (approving grant of summary judgment to government agency in FOIA case involving deliberative process exception); Miller v. United States Dep't of State, 779 F.2d 1378 (8th Cir.1985) (approving grant of summary judgment to government agency in FOIA case).
The Court concludes that plaintiff's complaint sufficiently alleges a claim under the FOIA to invoke the Court's jurisdiction, and therefore dismissal for lack of subject matter jurisdiction is inappropriate. As discussed below, however, the Court concludes it lacks further jurisdiction to afford plaintiff any relief under FOIA.

III. Standard of Review.

The Court now turns to defendant's motion for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. Agri-Stor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c).
Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Anderson, 477 U.S. at 257, 106 S.Ct. 2505; City of Mt. Pleasant v. Associated Elec. Coop., Inc., 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

IV. Facts.

With the foregoing standard in mind, the Court finds the following facts for purposes of the instant motion.[4]
On March 14, 1996, plaintiff filed a request under the FOIA with the EEOC's St. Louis District Office for a complete copy of his discrimination charge file, No. *1147 XXXXXXXXX. On April 10, 1996, the EEOC St. Louis District Office responded to plaintiff's FOIA request by disclosing 182 pages of the 183 pages of documents in its investigative file. The EEOC withheld a one-page memorandum entitled Recommendation for Dismissal/Closure (the "Recommendation"), on the basis that it was exempt from disclosure under the inter-agency deliberative process exception to FOIA, i.e., Exemption 5.
On May 8, 1996, plaintiff appealed the partial denial of his FOIA request to the EEOC's Office of Legal Counsel. On May 23, 1996, EEOC Assistant Legal Counsel Robert G. Johnson denied plaintiff's appeal on the basis that the Recommendation, as a pre-decisional inter-agency memorandum, was properly withheld under FOIA's Exemption 5. (See Letter from Johnson to Mace of 4/10/96 at 1; Attachment 2 to Decl. of Robert G. Johnson.) The Johnson letter asserts that the Recommendation constituted information prepared prior to the agency's decision, for the purpose of assisting the agency decisionmaker. (Id.)
The Recommendation is a one-page inter-office memorandum from the EEOC Investigator assigned to plaintiff's EEOC charge addressed to the EEOC District Director. (See Johnson Decl. at ¶¶ 6-7.) The Recommendation consists of a recitation of selected facts, a brief analysis of plaintiff's allegations of discrimination in view of the evidence, and the EEOC Investigator's recommendation as to dismissal or closure of plaintiff's charge. (Id.)
The Recommendation was approved by the EEOC's St. Louis Enforcement Manager with the concurrence of the District Director. Plaintiff was subsequently issued a Dismissal and Notice of Rights on charge No. XXXXXXXXX, which informed plaintiff of the EEOC District Director's determination and the reasons for the determination. (Id. ¶ 7.) The Recommendation was not incorporated into or referenced in the Dismissal and Notice of Rights, and was not disclosed to the public. (Id.)
The EEOC does not possess any other documents related to plaintiff's EEOC charge. (Johnson Decl. ¶ 8.)
On August 8, 1996, plaintiff filed Mace v. EEOC, Case No. 4:96-CV-1136 CAS (E.D.Mo.), alleging that the EEOC failed to disclose his entire discrimination charge file. In November 1997, plaintiff voluntarily dismissed that action without prejudice. On August 10, 1998, plaintiff filed the instant action, which is virtually identical to the former action.

V. Discussion.

The EEOC moves for summary judgment, asserting that it has produced all requested records, except for one document which is exempt from disclosure. Plaintiff responds that the EEOC has withheld additional documents, offering as evidence the fact that the EEOC sought a protective order in his prior lawsuit to avoid being required to answer plaintiff's interrogatories.[5] Plaintiff also makes the conclusory assertion that the Missouri Office for Civil Rights "supplied information" to the EEOC which has not been produced in response to plaintiff's FOIA request.
The Eighth Circuit has explained the burden placed on the government in seeking summary judgment in a FOIA action:
Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences *1148 to be drawn from them are construed in the light most favorable to the FOIA requester. In order to discharge this burden, the agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements.... An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith.... These affidavits are equally trustworthy when they aver that all documents have been produced or are unidentifiable as when they aver that identified documents are exempt.
Miller, 779 F.2d at 1382-83 (citations and internal punctuation omitted).
Despite the weight to be accorded to agency affidavits, "the burden remains on the government to demonstrate that it has thoroughly searched for the requested documents where they might reasonably be found." Miller, 779 F.2d at 1383. Once the agency has shown by convincing evidence that its search was reasonable, the burden is on the requester to rebut that evidence by showing the search was not conducted in good faith. Id. "Summary judgment would be improper if the adequacy of the agency's search were materially disputed on the record, for such a dispute would indicate that material facts were still in doubt." Id.
The Court reviews de novo the issue of the adequacy of the EEOC's search for records responsive to plaintiff's request. See Patterson v. IRS, 56 F.3d 832, 840 (7th Cir.1995); Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C.Cir.1994).
In this case, the EEOC furnished declarations of responsible officers, signed under penalty of perjury, describing the EEOC's response to plaintiff's FOIA request for a complete copy of his EEOC charge file. The EEOC officials averred that plaintiff's charge file No. XXXXXXXXX contained 183 pages of documents, 182 pages of which were disclosed to plaintiff in response to his FOIA request. The EEOC's Regional Attorney, Mr. Johnson, avers that he withheld one document from disclosure on the basis that it is a predecisional memorandum which falls within the deliberative process exception to the FOIA. The Court finds the EEOC has met its burden to show that its search was reasonable.
Plaintiff has presented no evidence to support his allegations that the agency's search was inadequate or made in bad faith. Plaintiff's conclusory assertion that additional unspecified records exist and were withheld does not raise an issue of fact precluding summary judgment in the absence of affidavits or other evidence containing facts sufficient to raise a material issue of fact. See Steinberg, 23 F.3d at 552 (stating that a FOIA requester's "mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them.") Thus, plaintiff has failed to present evidence to rebut the EEOC's showing that its search was reasonable.
The Court next must make a de novo determination whether the EEOC has met its burden to establish that the document at issue was properly withheld as exempt under the FOIA. See 5 U.S.C. § 552(a)(4)(B); Federal Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill, 443 U.S. 340, 352, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979). To make this determination, the Court must decide whether the withheld document is a predecisional, deliberative memorandum in the context of FOIA's deliberative process exemption.
The Eighth Circuit has recently explained that the purpose of the deliberative process privilege is to encourage the development of frank and open discussion and candid disagreements within federal agencies prior to final decisionmaking:
The purpose of the deliberative process privilege is to allow agencies freely to *1149 explore alternative avenues of action and to engage in internal debates without fear of public scrutiny. Exemption 5 to the FOIA permits nondisclosure if the document in question is an inter- or intra-agency memorandum which is both predecisional and deliberative. A predecisional document is one which is designed to assist agency decisionmakers in arriving at their decisions and which contains the personal opinions of the writer rather than the policy of the agency. A document is deliberative if its disclosure would expose the agency's decisionmaking process in a way that would discourage candid discussion and thus undermine the agency's ability to perform its functions; the focus is on whether the document is part of the agency's deliberative process.
Shorr, 147 F.3d at 710.
Factors to examine in deciding whether a document falls within the predecisional memoranda/deliberative process exemption include (i) the identity of the writer and recipient; (ii) the nature of the contents of the document, for example, whether it is an opinion or recommendation; (iii) the timing of the document relative to the timing of the agency decision; and (iv) the status of the document as an opinion or recommendation. See Shorr, id.; National Wildlife Fed'n v. United States Forest Serv., 861 F.2d 1114, 1118-20 (9th Cir.1988); Schell v. United States Dep't of HHS, 843 F.2d 933, 940 (6th Cir. 1988).
As a threshold matter, the Court finds that the EEOC's affidavits are sufficiently detailed and specific to fully apprise the Court of the nature and scope of the withheld memorandum. As a result, the Court concludes that in camera review is not required in order to make a responsible de novo review of the decision to withhold. See, e.g., Young v. CIA, 972 F.2d 536, 538 (4th Cir.1992) (rejecting in camera inspection when affidavits were sufficiently specific); Silets v. United States Dep't of Justice, 945 F.2d 227, 229-32 (7th Cir.1991) (en banc) (same), cert. denied, 505 U.S. 1204, 112 S.Ct. 2991, 120 L.Ed.2d 868 (1992); Vaughn v. United States, 936 F.2d 862, 869 (6th Cir.1991) (finding in camera review "neither favored nor necessary where other evidence provides adequate detail and justification").
Based on the affidavits submitted, the Court finds that the withheld one-page inter-office memorandum was a recommendation from the EEOC Investigator assigned to plaintiff's discrimination charge, addressed to the EEOC District Director. The memorandum, entitled "Recommendation," consists of a selective recitation of facts distilled from the entire record, a brief analysis of plaintiff's allegations of discrimination in view of the evidence, and the Investigator's recommendation as to dismissal or closure of plaintiff's charge. The Recommendation was reviewed and its contents concurred in by the EEOC's St. Louis Enforcement Manager with the concurrence of the District Director. Subsequently, plaintiff was notified that his EEOC charge of discrimination was being dismissed for the reasons stated on the Dismissal and Notice of Rights.
The Court concludes the EEOC has met its burden to establish that the Recommendation is a predecisional memorandum which falls within the deliberative process privilege. The Recommendation is the type of inter-agency preliminary recommendation commonly encompassed by the deliberative process exception, because it is part of the process by which a government decision was made, and its release would likely impede frank communication within the EEOC. See FOIA Guide at 230; see, e.g., NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (deliberative process cases "focus on documents `reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"); National Wildlife, 861 F.2d at 1121 ("Recommendations on how to best deal with a particular issue are *1150 themselves the essence of the deliberative process.")
The inter-agency memorandum at issue in this case was written by a subordinate, specifically the EEOC investigator assigned to plaintiff's charge, to the attention of an EEOC supervisor. The memorandum contains a factual distillation and the investigator's comments and opinions concerning the merits of plaintiff's EEOC charge, as well as a recommendation for dismissal or closure of the charge. The memorandum was clearly predecisional, as it was not a final agency decision. The memorandum was reviewed and concurred in by EEOC supervisory personnel, who then made a final agency decision to close plaintiff's discrimination charge file. The decision was communicated to plaintiff, and the inter-agency memorandum was neither incorporated into the Dismissal and Notice of Rights nor made public.
These factors considered together compel a finding that the EEOC properly withheld the Recommendation as a predecisional memorandum under the deliberative process exemption to FOIA. The Recommendation is predecisional because it was designed to assist EEOC decisionmakers in arriving at their decision with respect to plaintiff's charge, and it contains the personal opinions of the writer rather than the policy of the agency. The Recommendation is deliberative because its disclosure would expose the workings of the EEOC's decisionmaking process in a way that would discourage candid discussion and undermine the agency's ability to perform its functions. See Shorr, 147 F.3d at 710.
Defendant's motion for summary judgment should therefore be granted, and plaintiff's motion for summary judgment should be denied.

VI. Conclusion.

As discussed above, the Court concludes it has subject matter jurisdiction over this action, and defendant EEOC's motion to dismiss under Rule 12(b)(1) should therefore be denied. The Court concludes that defendant's alternative motion for summary judgment should be granted, as the EEOC has met its burden to establish that it (i) conducted a reasonable search responsive to plaintiff's FOIA request, and produced all documents except for a single inter-agency memorandum; and (ii) properly withheld the inter-agency memorandum under the FOIA's deliberative process exception, Exemption 5. As a result, plaintiff's motion for summary judgment and for joinder of party should be denied as moot.[6]
Accordingly,
IT IS HEREBY ORDERED that defendant EEOC's motion to dismiss for lack of subject matter jurisdiction is DENIED. [Doc. 16-1]
IT IS FURTHER ORDERED that defendant EEOC's alternative motion for summary judgment is GRANTED. [Doc. 16-2]
IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED. [Doc. 25]
IT IS FURTHER ORDERED that plaintiff's motion for joinder of party is DENIED as moot. [Doc. 14]
NOTES
[1] This defendant has been named in the complaint as "U.S. EEOC."
[2] The EEOC's motion to dismiss states that it is a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The memorandum in support of the motion, however, argues that the EEOC seeks dismissal of plaintiff's claim for relief under Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction. The Court will construe the EEOC's motion to dismiss as a motion under Rule 12(b)(1).
[3] But see Shafmaster Fishing Co. v. United States, 814 F.Supp. 182, 184 (D.N.H.1993) ("The Court thus lacks subject matter jurisdiction if the information was properly withheld under FOIA exemptions."); Unigard Ins. Co. v. Department of Treasury, 997 F.Supp. 1339, 1341 (S.D.Cal.1997) ("The court presumes a lack of jurisdiction until the party asserting [it] proves otherwise.")
[4] The facts are taken from declarations submitted by the EEOC in support of its motion for summary judgment. Plaintiff does not offer affidavits in opposition but rather only makes conclusory, unverified assertions that documents from his charge file have not been produced. The Court considers plaintiff's pro se complaint, which was signed under penalty of perjury, as an affidavit in opposition to the motion, but the complaint contains only vague, conclusory assertions that "many documents are missing from [plaintiff's EEOC charge] file." See Complaint at 3.
[5] In Mace v. Equal Employment Opportunity Comm'n, No. 4:96-CV-1136 CAS (E.D.Mo.), plaintiff's appointed counsel served interrogatories on the EEOC in September 1997 (see attachment to Pl.'s Mot. in Opp. to Def.'s Mot. for Summ. Judg.), and the EEOC moved for a protective order in October 1997. Plaintiff voluntarily dismissed the case without prejudice in November 1997, before the Court could rule on the motion for protective order. The Court notes that only one of the interrogatories concerns plaintiff's EEOC charge file. Interrogatory No. 6 inquired whether the EEOC maintained any records of telephone conversations relating to charge No. XXXXXXXXX.
[6] The Court notes that the party plaintiff sought to join in this action, the State of Missouri Office for Civil Rights, is a state agency. The FOIA applies only to records held by a federal government agency. 5 U.S.C. § 551(1); see Ortez v. Washington County, State of Or., 88 F.3d 804, 811 & n. 5 (9th Cir.1996); Ferguson v. Alabama Criminal Justice Information Center, 962 F.Supp. 1446, 1447 (M.D.Ala.1997); Mamarella v. County of Westchester, 898 F.Supp. 236, 237-38 (S.D.N.Y.1995). Therefore, this Court would not have FOIA jurisdiction over a claim that a state agency withheld records.