# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1843

———————

Perry J. Mace,        *
     *
        Appellant,     *    Appeal from the United States
     *    District Court for the Eastern
    v.           *    District of Missouri.
     *
Equal Employment Opportunity     *      [UNPUBLISHED]
Commission,      *
     *
       Appellee.      *

———————

Submitted: October 19, 1999

Filed: October 25, 1999

———————

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

———————

PER CURIAM.

Perry Mace filed an action under the Freedom of Information Act (FOIA), alleging the Equal Employment Opportunity Commission (EEOC) did not provide him with a complete copy of his employment discrimination claim file in response to his FOIA request. Based on affidavits from two EEOC officials stating that all documents related to Mace's claim were released except one exempt memorandum, the district court granted the EEOC's summary judgment motion. Mace appeals.

Mace first asserts summary judgment was improper because "overwhelming evidence" showed the EEOC withheld more than a one page interagency memorandum. The record does not support Mace's argument. The EEOC's affidavits state that all identifiable, non-exempt documents were produced in response to Mace's FOIA request, and Mace offers no evidence contradicting the EEOC affidavits. See Miller v. United States Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) (deference is given to agency affidavits averring that documents have been produced, are unidentifiable, or are exempt; search for documents must be reasonable, but not exhaustive; and burden is on requester to rebut agency affidavits by showing lack of good faith); Davis v. CIA, 711 F.2d 858, 860 (8th Cir. 1983) (per curiam) (district court may forego discovery and award summary judgment based on relatively detailed, nonconclusory agency affidavits submitted in good faith); Safecard Services, Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (speculative claims about existence of other documents cannot rebut presumption of good faith afforded agency affidavits). We thus conclude the district court properly granted summary judgment to the EEOC.

Mace also argues the EEOC cannot claim an exemption for the withheld memorandum, see 5 U.S.C. § 552(b)(5), because the EEOC did not adequately prove the protected contents of the document or "how . . . release of the document would hurt [the EEOC]." We disagree. Having carefully reviewed the record, we conclude the district court properly relied on the EEOC affidavits in finding the memorandum was a decision-making document and thus qualified for the deliberative process exemption. See Missouri ex rel. Shorr v. United States Army Corps of Eng'rs, 147 F.3d 708, 710 (8th Cir. 1998) (exemption permits nondisclosure of documents that are both predecisional and deliberative); Miller, 779 F.2d at 1387 (agency affidavits must justify claimed exemption of each document by tying the purpose for the exemption to the actual document part alleged to be exempt).

We affirm the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.