**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**BURLINGTON NORTHERN & Santa Fe Railway Co., Defendant.**

**No. 07–2450 Ma/P.**

United States District Court, W.D. Tennessee, Western Division.

May 19, 2009.

Deidre Smith, Faye A. Williams, Steven W. Dills, Equal Employment Opportunity Commission, Memphis, TN, for Plaintiff.

Bryan P. Neal, Stephen F. Fink, Thompson & Knight, Dallas, TX, Lawrence M. Stroik, Burlington Northern Railroad Company, Fort Worth, TX, Ralph T. Gibson, Bateman Gibson & Childers, Memphis, TN, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

TU M. PHAM, United States Magistrate Judge.

Before the court by order of reference is plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion for Protective Order. (D.E. 28.) In this employment discrimination case brought under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), the EEOC alleges that defendant Burlington Northern & Santa Fe Railway Company ("BNSF") engaged in discrimination in its employment practices when it failed to return Emerson Payne to his position as a conductor or "trainman" based on his disability, a below-the-knee amputation. Presently at issue is a Rule 30(b)(6) deposition notice served upon the EEOC by BNSF. In its motion, the EEOC seeks a protective order from the court pursuant to Federal Rule of Civil Procedure 26(c) on the grounds that with respect to deposition topics 6, 7, and 10 through 15, BNSF seeks to inquire into matters protected by the deliberative process privilege.[1] The EEOC indicates that it is willing to go forward with the deposition, but requests that the court enter a protective order restricting the deposition questions to relevant, non-privileged facts that the EEOC uncovered during its investigation of the case. In response, BNSF argues that the EEOC waived its deliberative process privilege when it decided to file the complaint and make itself a party to this litigation.[2] For the following reasons, the court concludes that the EEOC's role as a plaintiff does not, by itself, constitute a waiver of the deliberative process privilege.

The deliberative process privilege protects from discovery "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *see also Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001). This privilege protects internal communications of a governmental agency when they are deliberative in nature, but not when they are purely factual. *Sears*, 421 U.S. at 149, 95 S.Ct. 1504. The policy rationale behind this privilege is to promote effective governmental decision making by maintaining a free and open exchange of ideas among government officials. *Missouri ex rel Shorr v. United*

1. In support of its claim of privilege on these deposition topics, the EEOC has submitted the Declaration of Naomi C. Earp, Chair of the EEOC. (D.E. 55-6, Ex. 4.)

2. There were other issues initially raised in the EEOC's motion, including disputes about the potential deposition of counsel, the work product doctrine, and the cumulative or duplicative nature of some deposition topics. However, as the parties stated at the hearing on the present motion and as BNSF states in its sur-reply (D.E. 57), the only issue that the court should decide at this time is whether the EEOC's status as a plaintiff constitutes a waiver of the deliberative process privilege.

*States Corps of Eng'rs.*, 147 F.3d 708, 710 (8th Cir.1998). "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions' ... by protecting open and frank discussion among those who make them within the government." *Klamath,* 532 U.S. at 9, 121 S.Ct. 1060. Therefore, "the key issue in applying this exception is whether disclosure of the materials would 'expose an agency's decisionmaking process in such a way as to discourage discussion within the agency and thereby undermine the agency's ability to perform its functions.' " *Rugiero v. U.S. Dep't of Justice,* 257 F.3d 534, 550 (6th Cir.2001) (quoting *Schell v. U.S. Dep't of Health & Human Servs.,* 843 F.2d 933, 940 (6th Cir.1988)); *see also EEOC v. Texas Hydraulics, Inc.,* 246 F.R.D. 548, 551 (E.D.Tenn.2007).

 "Factual materials are generally not privileged unless they are inextricably intertwined with policy-making processes.... Non-factual materials that express opinions or recommendations, on the other hand, are clearly protected." *Trentadue v. Integrity Committee,* 501 F.3d 1215, 1227 (10th Cir.2007) (citing *Nat'l Wildlife Fed'n v. U.S. Forest Serv.,* 861 F.2d 1114, 1119 (9th Cir.1988); *Sears,* 421 U.S. at 150, 95 S.Ct. 1504). The privilege "is to be construed as narrowly as consistent with efficient Government operations." *EEOC v. Albertson's LLC,* No. 06–cv–10273–CMA–BNB, 2008 WL 4877046, at *1 (D.Colo. Nov. 12, 2008) (citing *Trentadue,* 501 F.3d at 1226–28). As described by one court:

> "To be protected by the deliberative process privilege a government document must be both predecisional and deliberative. A document is "predecisional" when it is "received by the decisionmaker on the subject of the decision prior to the time the decision is made" and "deliberative" if it is "the result of a consultative process." "Although this privilege covers recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the opinions of the writer rather than the policy of the agency, the key issue in applying this exception is whether disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage discussion within the agency and thereby undermine the agency's ability to perform its functions."
>
> "The ultimate purpose of this long-recognized privilege is to prevent injury to the quality of agency decisions. The privilege "does not protect factual information, even if such information is contained in an otherwise protectable document as long as the information is severable." The privilege also does not protect communications occurring after an agency decision is made.

*Texas Hydraulics,* 246 F.R.D. at 551 (internal citations and quotations omitted); *see also Redland Soccer Club, Inc. v. Dep't of Army,* 55 F.3d 827, 854 (3d Cir.1995); *In re Franklin Nat'l Bank Securities Litig.,* 478 F.Supp. 577, 583 (E.D.N.Y.1979).

 This privilege is not absolute. *Redland Soccer Club,* 55 F.3d at 854. Once the government shows that the deliberative process privilege applies, the party seeking discovery must show that its need for the information outweighs the government's interest. In balancing these competing interests, the court should consider several factors, including (1) the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the seriousness of the litigation and the issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by government employees who will be forced to recognize

that their secrets are violable. *Id.; see also Albertson's,* 2008 WL 4877046, at *5; *Texas Hydraulics,* 246 F.R.D. at 552.

The EEOC and BNSF have cited several cases in support of their positions regarding waiver of the deliberative process privilege when the EEOC is a plaintiff. This court has reviewed these cases and agrees with the courts that have declined to find a waiver of the privilege based solely on the EEOC's status as a plaintiff. *See Allen v. Hearst Corp.,* Nos. WN–90–35, WN–90–3012, 1991 WL 323020, at *1–2 (D.Md. Aug. 16, 1991) (indicating that the court would "respectfully disagree with a conclusion that the EEOC ... waives its deliberative process merely by becoming a plaintiff"); *see also EEOC v. Midwest Division—RMC, LLC,* No. 04–00883–CV–W–REL, at 5 (W.D.Mo. May 31, 2006) (D.E. 55–3, Ex. 1) (stating that the EEOC "did not waive the deliberative process privilege merely by bringing suit"). BNSF recently made this same argument in litigation brought by the EEOC in the Western District of Oklahoma (D.E. 55–5, Ex. 3, Def.'s Resp. to EEOC's Mot. for Protective Order), and in that case, the court concluded that the EEOC could assert the privilege at a Rule 30(b)(6) deposition. *See EEOC v. BNSF,* No. CIV–07–734, 2009 WL 231624, at *1 (W.D.Okla. Jan. 30, 2009); *EEOC v. BNSF,* No. CIV–07–734, 2008 WL 4845308, at *3 (W.D. Okla. June 23, 2008). Moreover, several courts (including this court) have found the privilege applicable to the EEOC in litigation brought by that agency. *See, e.g., EEOC v. Lifecare Management Servs., LLC,* No. 02:08–cv–1358, 2009 WL 772834, at *2 (W.D.Pa. March 17, 2009) (stating that "the deliberative process privilege only protects opinions, recommendations, and deliberations of the EEOC, not the underlying factual information"); *Albertson's,* 2008 WL 4877046, at

*6 (stating that although "the role of the government in the litigation is extensive, ... [o]n balance, the scale tips decidedly against requiring EEOC disclosure of the privileged information"); *Texas Hydraulics,* 246 F.R.D. at 552 (stating that "[a]fter balancing the interests of the EEOC and Defendant, the Court finds the Defendant has not shown its need for the documents outweighs the EEOC's interests"); *EEOC v. Cleveland Construction, Inc.,* No. 04–2730 Ma/P (W.D.Tenn. Sept. 9, 2005) (Order Granting in Part Plaintiff's Mot. for Protective Order) (stating that defendant could not ask deposition questions about internal communications within the EEOC which would reveal the agency's decision making process, including deliberations, opinions, recommendations or advice"). As discussed above, rather than being a dispositive factor, the EEOC's role as a plaintiff is one of several factors the court should consider when balancing the parties' interests.

Finally, although the court concludes that the EEOC has not waived the deliberative process privilege by merely filing this lawsuit—and therefore may assert the privilege at the Rule 30(b)(6) deposition—no determination can be made regarding the applicability of the privilege until the privilege is asserted as to specific questions at the deposition. *See, e.g., Lifecare Management Servs.,* 2009 WL 772834, at *2; *Albertson's,* 2008 WL 4877046, at *3–5. However, in light of the upcoming trial, the parties shall jointly contact the chambers of the undersigned at the conclusion of the deposition to resolve the remaining privilege disputes, if any.[3]

IT IS SO ORDERED.

---

**3.** The parties should review the cases cited

above, and in particular the *Albertson's* deci-

sion, for guidance on the appropriate topics of inquiry at the deposition.